ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
KEVIN L. QUADE
Deputy Attorney General
State Bar No. 285197
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone:  (916) 210-7693
  Fax:  (916) 324-8835
  E-mail:  Kevin.Quade@doj.ca.gov
*Attorneys for Proposed Intervenor*
*Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **ROBERT M. BLANK, an individual; ANTONIO RAMOS RODRIGUEZ, an individual; KYLE HOANG TRUONG, an individual; CHARLES KOON CHIU YOUNG, an individual; JONATHAN YOUNG, an individual; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; and THE SECOND AMENDMENT FOUNDATION,** <br><br> Plaintiffs, <br><br> v. <br><br> **SANTA CLARA COUNTY; SANTA CLARA COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT JONSEN, in his official capacity; and DOES 1-10,** <br><br> Defendants. | 5:25-cv-08027-EDJ <br><br> **PROPOSED INTERVENOR CALIFORNIA ATTORNEY GENERAL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE** <br><br> Date:        September 17, 2026 <br> Time:        9:00 a.m. <br> Courtroom:   4 <br> Judge:       The Hon. Edward J. Davila <br> Trial Date:  n/a <br> Action Filed: September 22, 2025 |

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs in this suit—multiple private individuals and two advocacy groups—have brought constitutional challenges to various Santa Clara County Sheriff's Department policies pertaining to the issuance of Carry Concealed Weapon (CCW) licenses.  As pertinent to this motion, Plaintiffs challenge the fee charged by the County and Sheriff Robert Jonsen (Defendants) for processing a CCW application, along with Defendants' requirement that all initial CCW applicants submit to and pay for a psychological examination.  Plaintiffs allege that the aggregate financial burden of these requirements, as well as the supposed deterrent effect of mandatory psychological testing, violates their Second Amendment rights.  Plaintiffs also assert that Defendants' psychological testing requirement implicates and violates their right to procedural due process.  They seek a permanent injunction barring Defendants "and all other officers, agents, servants, employees, and persons under the authority of the State" from charging any fee that reimburses for local costs of processing an application, and from requiring psychological examinations without good cause and passing the cost of the examination on to applicants.  ECF 11 at 30, First Amended Complaint, Prayer at ¶¶ 8-9.

Plaintiffs thus challenge the constitutionality of various aspects of California law. California Penal Code section 26190(b)(1) explicitly authorizes local licensing authorities to charge a fee equal to the reasonable costs of processing a CCW license and issuing the license. Section 26190(e)(1) likewise permits licensing authorities to require initial applicants to undergo a psychological assessment—as part of the investigation into whether the applicant should be deemed a "disqualified person" under section 26202, subdivision (a)—and to charge applicants for the actual cost of that assessment.  The county policies challenged in this lawsuit flow directly from the authorization afforded localities in these statutory provisions, and Plaintiffs' arguments as well as their requested injunctive relief, at least in part, place the facial constitutionality of these portions of California's CCW framework at issue.  Accordingly, the Attorney General now moves under Federal Rules of Civil Procedure 5.1 and 24 and 28 U.S.C. § 2403 to intervene in

2

this case as a matter of right for the limited purpose of defending against the facial challenges to the constitutionality of California law.[1]

### LEGAL BACKGROUND

Northern District of California Local Rule 3-8(b) states that "[i]n any action in which the constitutionality of a state statute is questioned and neither the state nor an agency, officer or employee of the state is a party, counsel raising the question must file notice of such claim with the assigned Judge . . . and serve a copy of such notice on the State Attorney General."  This rule largely mirrors the first subdivision of Federal Rule of Civil Procedure 5.1, which provides that "[a] party that files a pleading, written motion, or other paper drawing into question the constitutionality of a . . . state statute must promptly: (1) file a notice of constitutional question stating the question and identifying the paper that raises it if . . . a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and (2) serve the notice and paper . . . on the state attorney general if a state statute is questioned."  Fed. R. Civ. P. 5.1(a).  Under this rule, the state attorney general may then "intervene within 60 days after the notice is filed."  *Id.* 5.1(c).  Rule 5.1 helps effectuate 28 U.S.C. § 2403(b), which provides that a court "shall permit [a] State to intervene for presentation of evidence . . . and for argument on the question of constitutionality" when "the constitutionality of any statute of that State affecting the public interest is drawn into question."

In addition, Federal Rule of Civil Procedure 24(a) permits intervention as a matter of right on a timely motion where (1) an unconditional right to intervene is afforded to the proposed

---

[1] Because the allegations in Plaintiffs' operative complaint raise a question of the constitutionality of state law, thus triggering the Attorney General's ability to intervene in his official capacity as a matter of right under Rule 24(a), the filing of this motion does not constitute a waiver of the State's sovereign immunity. *See Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001) ("a state does not waive Eleventh Amendment immunity merely by defending in federal court"); *see also Arizonans for Off. English v. Arizona*, 520 U.S. 43, 70 n.25 (1997) (intervention pursuant to Section 2403(b) "does not subject intervenor to liability for damages available against a party defendant"); *accord Lindke v. King*, 2024 WL 4520338, at \*2 (E.D. Mich. Oct. 17, 2024) (rejecting argument that state attorney general's intervention pursuant to Rule 5.1 and Section 2403(b) for the limited purpose of defending the constitutionality of a state statute constituted a waiver of sovereign immunity and subjected the state to monetary damages). In any case, the Attorney General expressly reserves the State's immunity under the Eleventh Amendment.  *See Faulk v. Union Pacific R. Co.*, 449 F.App'x 357, 363 (5th Cir. 2011) (noting that state attorney general expressly reserved the State's sovereign immunity when intervening to defend against a private plaintiffs' challenge to the constitutionality of state law.)

3

intervener by federal statute; or (2) the proposed intervener claims an interest in the transactions, and is so situated that disposing of the action would practically impair or impede the movant's ability to protect its interest.  The Supreme Court recently recognized that intervention as a matter of right under Rule 24(a)(1) is implicated when a state attorney general seeks to intervene in defense of a state law drawn into question pursuant to section 2403(b).  *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 278 (2022).  And the Ninth Circuit has held that an attorney general's role—to administer and enforce applicable laws—implicates the type of "interest" that warrants mandatory intervention under Rule 24(a)(2) when the attorney general seeks to defend a challenged law.  *See Smith v. Pangilinan*, 651 F.2d 1320, 1323–25 (9th Cir. 1981); *see also Berger v. N.C. State Conference of the NAACP*, 597 U.S. 179, 191–200 (2022) (state legislative leaders satisfied the "interest" inquiry under Rule 24(a)(2) where leaders sought to defend state law).

### ARGUMENT

The Attorney General may intervene as a matter of right in this case.  Defendants have filed and served notice that Plaintiffs' claims challenge the constitutionality of California law pursuant to Northern District Local Rule 3-8.  ECF 28.  Although this rule does not address the Attorney General's right to intervention, this District has treated Local Rule 3-8 as working hand-in-hand with Federal Rule of Civil Procedure 5.1.  *See "Amy" v. Curtis*, 2020 WL 6271046, at *8 (N.D. Cal. Oct. 26, 2020).  As noted, Rule 5.1 confers a right for the Attorney General to intervene, effectuating 28 U.S.C. § 2403(b), which provides that a court "shall permit" a State "to intervene for presentation of evidence . . . and for argument on the question of constitutionality" when "the constitutionality of any statute of that State affecting the public interest is drawn into question."  Both the rule and the statute "reflect[] the weighty interest that a State has in protecting its own laws."  *EMW Women's Surgical Ctr.*, 595 U.S. at 278.

And that is the case here.  As explained, Plaintiffs' challenge to policies adopted by the Santa Clara County Sheriff's Department directly implicates the facial constitutionality of California law.  The California Penal Code explicitly authorizes local licensing authorities to require that CCW applicants pay a fee that covers the administrative costs processing an

4

application and issuing a license. Cal. Pen. Code § 26190(b)(1). Local licensing authorities may also require that first-time CCW applicants submit to a psychological examination and pay for the cost of that assessment as part of the investigation into whether the applicant should be deemed a "disqualified person" that cannot receive a license. *Id.* § 26190(e)(1); *see id.* § 26202(a)(1) (outlining a basis for denial of a CCW license where the applicant "[i]s reasonably likely to be a danger to self, others, or the community at large, . . . as shown by the results of any psychological assessment, including, but not limited to, the assessment described in subdivision (e) of Section 26190").

While an as-applied challenge to local policies like those at issue here may be viable (a topic on which the Attorney General will take no position in this specific case), the permanent injunction sought by Plaintiffs sweeps far broader. They ask this Court to enjoin Defendants "and all other officers, agents, servants, employees, and persons under the authority of the State" from imposing *any* processing fees and to bar Defendants from requiring *any* CCW applicant from submitting to a psychological evaluation absent good cause. *See* ECF 11 at 30, First Amended Complaint, Prayer at ¶¶ 8-9. Such facial relief cuts squarely against what California law permits, drawing into question the broader constitutionality of specific aspects of California's CCW licensing statutory framework. Section 2403(b) thus clearly applies, conferring on the Attorney General "an unconditional right to intervene." Fed. R. Civ. P. 5.1(c), 24(a)(1); *see EMW Women's Surgical Ctr.*, 595 U.S. at 278; *Arizonans for Off. English*, 520 U.S. at 74 (state attorney general "had, at a minimum, a right secured by Congress, a right to present argument . . . 'on the question of constitutionality'"); *see also* 7C Fed. Prac. & Proc. Civ. § 1906 (3d ed.) (defining section 2403 as conveying an "unconditional" right to intervene).

The Attorney General's interest in defending the facial constitutionality of California law likewise affords a right to mandatory intervention under Rule 24(a)(2). In the Ninth Circuit, courts apply a four-part test under Rule 24(a)(2), considering whether: (1) the motion is timely; (2) the applicant has a significant protectable interest related to the dispute in the action; (3) the applicant is so situated that disposition of the action will impair or impede that protected interest; and (4) the applicant's interest is inadequately represented by the existing parties. *Wilderness*

5

*Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). Each of these factors is satisfied here.

As to timeliness, the Attorney General has acted with appropriate expediency. Since being served with Defendants' notice under Local Rule 3-8, the Attorney General has worked diligently to make an informed decision on intervention—reviewing the pleadings, conferring with existing counsel, conducting an internal decision-making process, and preparing the instant motion. Indeed, under the timeline outlined in Federal Rule of Civil Procedure 5.1, and given the Court's stay of all deadlines, the instant motion has been filed well within the Attorney General's 60-day window to seek intervention. *See* ECF 28 (notice filed on December 30, 2025), 35 (order staying all deadlines on January 6, 2026).

The Attorney General also has an indisputable protected interest that stands to be impaired (in fact, barred altogether) in this lawsuit. As noted, the Ninth Circuit has held that an attorney general, "who is charged with administration and enforcement of the laws," has a protected interest under Rule 24(a)(2) when such laws are threatened in an action. *Pangilinan*, 651 F.2d at 1324. In California, the Attorney General is the chief law enforcement officer of the State and is vested with the duty "to see that the laws of the State are uniformly and adequately enforced." Cal. Const., art. V, § 13. Among these duties is the routine defense of the constitutionality of challenged state statutes. Furthermore, the California Supreme Court has recognized that the Attorney General "possesses not only extensive statutory powers but also broad powers derived from the common law relative to the protection of the public interest." *D'Amico v. Bd. of Med. Examiners*, 11 Cal.3d 1, 14 (1974). Thus, "in the absence of any legislative restriction," the Attorney General "has the power to file any civil action or proceeding directly involving the rights and interests of the state, or which he deems necessary for the enforcement of the laws of the state, the preservation of order, and the protection of rights and interests." *Id.* at 14–15. Here, because Plaintiffs' lawsuit risks the facial invalidation of multiple provisions of California law, the Attorney General has the requisite protected interest under Rule 24(a)(2). *Pangilinan*, 651 F.2d at 1324; *see EMW Women's Surgical Ctr.*, 595 U.S. at 277 ("a State "clearly has a legitimate

Proposed Intervenor California Attorney General's Memorandum of Points and Authorities in support of Motion to Intervene (5:25-cv-08027-EDJ)

interest in the continued enforceability of its own statutes" (quoting *Maine v. Taylor*, 477 U.S. 131, 137 (1986))).

Finally, the Attorney General is the proper party to adequately represent the State's protected interest in litigating the facial validity of California Penal Code section 26190, subdivisions (b)(1) and (e)(1).  The Attorney General proposes to intervene for the limited purpose of defending the facial constitutionality of these implicated California laws.  The existing Defendants, by contrast, must defend the constitutionality of Plaintiffs' as-applied challenge to Defendants' specific policies, an inquiry that will turn on different factors and considerations.  Given the Attorney General's unique role as California's chief law enforcement office and regular experience defending statutes in the face of constitutional challenge, the State's protected interests in continued administration and enforcement of its laws would best be served by the Attorney General's intervention.[2]

## CONCLUSION

The Court should grant this motion for the Attorney General to intervene under Rule 5.1, Rule 24(a), and 28 U.S.C. § 2403(b).

Dated:  July 10, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

KEVIN L. QUADE
Deputy Attorney General
*Attorneys for Proposed Intervener*
*Attorney General Rob Bonta*

---

[2] As detailed, the Attorney General proposes to intervene as to Plaintiffs' challenges to application processing fees and required psychological examination under California Penal Code section 26190, subdivisions (b)(1) and (e)(1).  The Attorney General, however, does not view Plaintiffs' First Amendment challenge to the notification on Defendants' website as implicating a question of state law.  If intervention is granted, the Attorney General does not intend to take a position on this aspect of Plaintiffs' lawsuit.