C. D. Michel – SBN 144258
cmichel@michellawyers.com
Anna M. Barvir – SBN 268728
abarvir@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Attorneys for Plaintiffs Robert M. Blank, Antonio Ramos Rodriguez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, and California Rifle & Pistol Association, Incorporated

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorney for Plaintiff The Second Amendment Foundation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ROBERT M. BLANK, an individual; ANTONIO RAMOS RODRIGUEZ, an individual; KYLE HOANG TRUONG, an individual; CHARLES KOON CHIU YOUNG, an individual; JONATHAN YOUNG, an individual; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; and THE SECOND AMENDMENT FOUNDATION,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SANTA CLARA COUNTY; SANTA CLARA COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT JONSEN, in his official capacity; and DOES 1-10,<br><br>                    Defendants. | Case No.: 5:25-cv-08027-EJD<br><br>**PLAINTIFFS' OPPOSITION TO CALIFORNIA ATTORNEY GENERAL'S MOTION TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(a), and CONSENT TO PERMISSIVE INTERVENTION UNDER RULE 24(b)**<br><br>Hearing Date: September 17, 2026<br>Hearing Time: 9:00 a.m.<br>Courtroom:     4<br>Judge:          The Hon. Edward J. Davila<br><br>Action Filed: September 22, 2025 |

RESPONSE TO CALIFORNIA ATTORNEY GENERAL'S MOTION TO INTERVENE

Plaintiffs Robert M. Blank, Antonio Ramos Rodriguez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, California Rifle & Pistol Association, Incorporated, and Second Amendment Foundation, by and through undersigned counsel, hereby **CONSENT** to permissive intervention (without conditions) by California under rule 24(b) of the Federal Rules of Civil Procedure, and **OPPOSE** intervention as a matter of right under Rule 24(a).

**INTRODUCTION**

There are subtle, but important impacts on this case between intervention as a matter of right under Rule 24(a), and permissive intervention under Rule 24(b). Those differences are important to Plaintiffs' theory of the case. That is because intervention under section (a) requires this Court to prejudge (or at least make an implied finding on) a contested issue that could prejudice the Plaintiffs by limiting the scope of the County Defendants' liability under 42 U.S.C. § 1983. For instance, at least one disputed fact at this stage of the case is whether the County Defendants are violating the U.S. Constitution out of malice, misfeasance, or mismanagement. That their policies are intentional is undisputed. California's attempt to intervene (rescue) on behalf of Santa Clara County, because California believes the Plaintiffs are making a facial challenge to state law, is an implied finding that Santa Clara County is "innocently" complying with the facial text of state law. But as set forth in the operative complaint, Santa Clara County has a history of abusing its power to issue CCW Permits. Are the facts that give rise to this case evidence of a pattern, practice, or habit of violating constitutional rights? Are the County Defendants showing deliberate indifference to the constitutional rights of the Plaintiffs and people similarly situated? Given Santa Clara County's notorious past abuses, Plaintiffs must be given an opportunity to develop these facts, without an implied finding that Santa Clara County is merely following the plain text of state law. Granting California intervention as a matter of right under Rule 24(a), is a subtle but important implied finding on disputed facts.

On the other hand, the differences between permissive and mandatory intervention do not impact either the County Defendants' or the intervening State Defendant's ability to defend this matter (e.g., scope of discovery, evidentiary privileges, and right to present evidence a trial), unless this Court exercises its discretion to impose limitations on the State's participation in this

1

case to a particular issue. *See United States v. Idaho*, 342 F.R.D. 144, 152 (D. Idaho 2022), 2022 U.S. Dist. LEXIS 145271, *19-20 (citing *Depot of Fair Empl. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011)) ("The district court's discretion under Rule 24(b), to grant or deny an application for permissive intervention includes [the] discretion to limit intervention to particular issues."). Indeed, once a motion to intervene is granted—under either subsection (a) or subsection (b)—the intervenor gains the right to fully participate in the proceedings. *District of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129 (D.C. Cir. 1985).

Since Plaintiffs have already consented to permissive intervention—without conditions—under Rule 24(b), the least complicated, and least controversial order this Court can issue is to grant California's motion, but only for permissive intervention under Rule 24(b). Furthermore, the appellate standard of review under Rule 24(b) is more deferential to the trial court than the standards under Rule 24(a). *United States v. Idaho*, 342 F.R.D. at 148.

## ARGUMENT

### I. CALIFORNIA HAS NOT MET ITS BURDEN TO INTERVENE UNDER RULE 24(a)

In *United States v. Idaho*, the United States challenged Idaho's restrictive abortion legislation. *Id.* at 146-148. The law was set to take effect automatically if the Supreme Court reduced the right to seek an abortion from a federally protected right to a matter of state policy. *Id.* After the Supreme Court issued *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), the United States filed suit. *Id.* Idaho's attorney general appeared to defend the action, and the state legislature sought intervention as of right under Rule 24(a). *Id.* at 147-148. The district court denied the legislature's motion to intervene as of right but allowed limited permissive intervention under Rule 24(b). *Id.* at 152-153. Except for imposing limitations on the State's full participation here, to which Plaintiffs do not object, this Court should do the same.

### A. Rule 5.1 Cannot Be Used to Bootstrap a Rule 24(a)(1) Finding

Defendants read the First Amended Complaint (FAC) (ECF Doc. 11)[1] as a facial challenge

---

[1] Because California's ratification of the County's policies raises a new equal protection claim that was not plead in the FAC against the County Defendants, Plaintiffs will seek to amend the operative complaint by stipulation or motion when the State's motion to intervene is granted under either rule. Plaintiffs are preparing a proposed Second Amended Complaint and will

2

to a number of relevant state laws. But they read far too much into that pleading. Plaintiffs are challenging three policies for CCW Permit issuance by the County Defendants: (1) abusive and exorbitant fees for obtaining a permit, (2) mandatory psychological exams for every new applicant, and (3) the requirement to disclose campaign contributions to local politicians as a precondition obtaining a CCW permit. All of these are *local discretionary* policy choices. Taking them one at a time:

- Fees: The plain text of the California laws relating to CCW permitting fees do not mandate any particular fee, other than those paid to the California Department of Justice, which are not being challenged. The amount of the fee is left to the local issuing agency. That is not a facial challenge to state law because the law is capable of constitutionally valid implementation. *See Bondi v. Vanderstok,* 604 U.S. 458 (2025); *Ams. For Prosperity Found. v. Bonta,* 594 U.S. 595 (2021). Indeed, Plaintiffs cite several examples in the FAC (¶¶ 93-99) of California counties that are not engaged in such abusive, exorbitant fee demands.

- Mandatory Psychological Testing: This local policy is both an abusive and exorbitant expense *and* a procedural due process violation. And once again, the plain text of the relevant statute only allows counties to recover the cost of psychological testing, *if the local issuing agency requires such a test*. But the allegation as stated in the complaint is that state law itself *does not* mandate such testing for all new CCW applications. FAC ¶¶ 61-67, 102-110.  And once again, Plaintiffs set forth in the FAC instances of counties that do not mandate such testing. FAC ¶¶ 93-96.

- Political Campaign Disclosures: Plaintiffs are not challenging the Levine Act (Cal. Gov't Code § 84308, et seq.), they are challenging Santa Clara County's insistence that this law applies in the context of CCW applications. FAC ¶ 68-75. The Levine Act is not even mentioned in any of California's state laws regulating the CCW application process. And as of the day this pleading is filed, Plaintiffs are unaware of any other California county mandating such disclosures.

However, now that the California Attorney General is ratifying the County's

---

circulate a copy to the Defendants and State Intervenor in the hope of achieving amendment by stipulation to avoid unnecessary motion practice before this Court.

3

RESPONSE TO CALIFORNIA ATTORNEY GENERAL'S MOTION TO INTERVENE

unconstitutional conduct by seeking to intervene in defense of the County's policies, Plaintiffs are happy to welcome them to the contest. Especially if, as it seems, California is prepared to endorse or ratify every (or any) county in the state charging abusive and exorbitant fees, mandate psychological testing, and require applicants to surrender First Amendment rights—all to exercise a fundamental right. The Attorney General just doesn't get to claim that its office is merely exercising its duty to uphold California law in the same manner that this outlier County Defendant is implementing that law, when the plain language of the state's laws permits a constitutionally valid application.

California's boot-strap theory of using Rule 5.1 of the Federal Rules of Civil Procedure (and the parallel local rule) as a "federal statute" predicate to invoke Rule 24(a)(1) intervention is nonsensical. All local governments, including Santa Clara County are required to comply with the U.S. Constitution, federal statutes, the California Constitution, and state laws (regulating counties and municipalities), in addition to their own local ordinances and codes, which in many cases are also authorized or defined by state law. Under the Attorney General's theory of intervention as a matter of right under Rule 24(a)(1), just because some local government might also misapply state law means California has Rule 24(a)(1) mandatory intervention rights in every case filed against every political subdivision in California that is subordinate to state government because of Rule 5.1. Which would in turn mean that permissive intervention under Rule 24(b)(2)(A) and (b)(2)(B) by state governments are superfluous and without meaning. That can't be the case.

**B.     California Has Not Met Its Burden for a Rule 24(a)(2) Finding.**

Failure to satisfy any single requirement of the four-part test under Rule 24(a)(2) is fatal to an application for intervention as a matter of right. *United States v. Idaho*, 342 F.R.D. at 148. The factors for that test are:

1.     The application for intervention must be timely;

2.     The state must claim a sufficient, direct, substantial, or significantly protectable interest relating to the property or transaction that is the subject of the civil rights action;

///

RESPONSE TO CALIFORNIA ATTORNEY GENERAL'S MOTION TO INTERVENE

3.    The state must be so situated that disposing of the action may, as a practical matter, impair or impede its ability to protect that interest; and

4.    The state's interest must not be adequately represented by the existing parties (i.e., the individual state actor defendant).

Plaintiffs concede that they are not prejudiced by the timing of the motion to intervene. Though arguable (and only because the requirements are substantially congruent with Rule 24(b)(1)(B) and (b)(2)(B) under permissive intervention) Plaintiffs also concede that California *may* have a protectable—but possibly illicit—interest in the outcome of this case. We just won't know until discovery is conducted. The Supreme Court has signaled that it is prepared to entertain allegations that a state actor's justification for gun control, may in fact be a pretext for tainted policies, e.g., invidious discrimination against a class of people insisting on exercising their "right to keep and bear arms." *Wolford v. Lopez,* __ U.S. __, 225 L. Ed. 2d 494, 508-510, 516-17 (2026) (maj. op.); *id.* at 519-25 (Barrett, J., concurring); *id.* at 543, n. 17 (Jackson, J., dissenting) (confirming that the majority and concurring opinions are indeed authorizing inquiries of illicit objectives by jurisdictions hostile to Second Amendment). Turning to the remaining factors:

First, will the disposition of this case impair California's ability to enforce its CCW licensing regime? The answer must be no. First, California has only a limited role in issuing CCW permits. It conducts a background check. It matches fingerprints against criminal records from a Livescan submission. It checks to ensure that the firearm the applicant wants to put on their license is registered to that applicant in the State's firearm database. And it issues the standardized statewide CCW application form.

If California is contending that it has a prima facie interest in the *non-uniform* application of the state's laws in its 58 different counties, they have taken on a very high burden that was not met in its motion to intervene. The California Constitution vests the Attorney General of this state with a duty "to see that the laws of the State are *uniformly* and adequately enforced." California Constitution Art. V, Sec. 13. (emphasis added). To accomplish this, the Attorney General has "direct supervision over every … sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices,…." *Id.*

5

RESPONSE TO CALIFORNIA ATTORNEY GENERAL'S MOTION TO INTERVENE

So not only would California's defense of Santa Clara's outlier policies conflict with the state constitution, but the Attorney General is now running afoul of the Fourteenth Amendment's Equal Protection Clause in regulating a fundamental right. Hence, the necessity of Plaintiffs having to amend the operative complaint to add a cause of action for which they had no facts before the State sought intervention.[2] A mere disclaimer (see ECF Doc. 47-1 at 7, n. 2) of known unconstitutional practices by a county cannot absolve the State of its duty to uphold—*uniformly*—the fundamental rights of all Californians. *See also* Cal. Gov't Code § 53071 (requiring specific uniformity of California laws pertaining to firearms, preempting local governments from implementing their own policies in this area of law). Ironically (or maybe not), California should really be seeking to intervene on behalf of the Plaintiffs and against Santa Clara County's outlier policies, at least one of which is completely untethered from the state's gun control statutes.

Second, can California's interest (whatever it is) be adequately presented by Santa Clara County? On this factor alone, the Court must deny intervention of right under Rule 24(a)(2). While the burden to show inadequate representation under subsection (a)(2) is generally treated as minimal, requiring only a showing that representation "may be" inadequate, *Trbovich v. UMW*, 404 U.S. 528, 538 (1972), this standard shifts when governmental entities are involved. *See generally Chiglo v.City of Preston*, 104 F.3d 185 (1997). *See also United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968 (2nd Cir.1984):

> [I]t is proper to require a strong showing of inadequate representation before permitting intervenors to disrupt the government's exclusive control over the course of its litigation. *See also* 7A Wright & Miller, *supra*, § 1909 at 524-25, 528-29 (if "there is a party charged by law with representing [a proposed intervenor's] interest, then a compelling showing should be required to demonstrate why this representation is not adequate," and a "very compelling showing" ought to be required "when a governmental body is the named party"); 3B Moore's Federal Practice para. 24.07 [4] at 24-72.

*Id.* at 987.

---

[2] Santa Clara County could not be charged with violating equal protection, as it is presumably treating every county resident in an abusive way through the policies and practices challenged here.

RESPONSE TO CALIFORNIA ATTORNEY GENERAL'S MOTION TO INTERVENE

Stated another way, in a case like this, where there is already a state-actor defendant (i.e., Santa Clara County), California must "show that it brings a distinct state interest to bear in this litigation." *United States v. Idaho,* 342 F.R.D. at 150. The state has not offered evidence, or even rumors of evidence, that the Santa Clara County Counsel's Office is incompetent, understaffed, lacks resources, or special expertise to litigate this case.

Further, the Attorney General does not lack other avenues to weigh in on this controversy short of becoming a party. He could invoke his power as the chief law officer of the state "to see that the laws of the State are uniformly and adequately enforce[d]." Cal. Const. Art. V, § 13. (But that, of course, would require the Attorney General to seek intervention in support of Plaintiffs.) He could separately, or in conjunction with the power enumerated above, invoke his *direct* supervisory authority over all "sheriff[s] and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices" to ensure uniformity in regulating a statewide permit to exercise a fundamental right. *Id.* (Again, that would require the Attorney General to seek intervention in support of Plaintiffs.) Or, in addition to the powers described above, he could promulgate regulations under California's Administrative Procedure Act (Cal. Gov't Code § 11340 et seq.) to stop a statewide license for exercising a state-wide fundamental right, from costing vastly different amounts in different counties, by orders of magnitude in some cases, depending on where someone lives in California. In addition to his rulemaking powers, the Attorney General has the authority to issue formal written opinions "to any Member of the Legislature, the Governor, Lieutenant Governor, … and any county counsel, district attorney, or sheriff when requested, upon any question of law relating to their respective offices." Cal. Government Code § 12519. Or he could just file an amicus brief in this case.

There are no grounds for intervention as a matter of right under Rule 24(a), and since Plaintiffs have consented to an unqualified permissive intervention under Rule 24(b), the Court should grant the motion under that rule.

## CONCLUSION

It is unnecessary to grant intervention as a matter of right (due to lack of prejudice to the state of California if intervention is permissive under Rule 24(b)). And more importantly, it would

7

violate Rule 24(a) to do so. Finally, if the Court does grant intervention as a matter of right, it should make clear in its order that it is not making any other implied findings, and that the granting of intervention under Rule 24 is not prejudicial to Plaintiffs' underlying claims.

Respectfully Submitted,

Dated: July 24, 2026                    **MICHEL & ASSOCIATES, P.C.**


                                        */s/ Anna M. Barvir*
                                        Anna M. Barvir
                                        Counsel for Plaintiffs Robert M. Blank, Antonio
                                        Ramos Rodriguez, Kyle Hoang Truong, Charles
                                        Koon Chiu Young, Jonathan Young, and California
                                        Rifle & Pistol Association, Incorporated

Dated: July 24, 2026                    **LAW OFFICES OF DONALD KILMER, APC**

                                        */s/ Donald Kilmer*
                                        Donald Kilmer
                                        Counsel for Plaintiff The Second Amendment
                                        Foundation


**ATTESTATION OF E-FILED SIGNATURES**

I, Anna M. Barvir, am the ECF User whose ID and password are being used to file this PLAINTIFFS' OPPOSITION TO CALIFORNIA ATTORNEY GENERAL'S MOTION TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(a), and CONSENT TO PERMISSIVE INTERVENTION UNDER RULE 24(b). In compliance with Northern District of California L.R. 5-1(i)(3), I attest that all signatories are registered CM/ECF filers and have concurred in this filing.


Dated: July 24, 2026                    */s/ Anna M. Barvir*
                                        Anna M. Barvir

8

RESPONSE TO CALIFORNIA ATTORNEY GENERAL'S MOTION TO INTERVENE

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Name:   *Blank v. Santa Clara County Sheriff's Department*
Case No.:    5:25-cv-08027-EJD

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' OPPOSITION TO CALIFORNIA ATTORNEY GENERAL'S MOTION TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(a), and CONSENT TO PERMISSIVE INTERVENTION UNDER RULE 24(b)**

on the following parties, as follows:

Tony Lopresti
Aryn Paige Harris
aryn.harris@cco.sccgov.org
Office of the County Counsel
70 West Hedding, East Wing, 9th Floor
San Jose, California 95110-1770
   *Attorneys for Defendants Santa Clara County and Sheriff Robert Jonsen*

Kevin L. Quade
kevin.quade@doj.ca.gov
1300 I Street, Suite 125
Sacramento, CA 95814
   *Attorneys for Proposed Intervenor Attorney General Rob Bonta*

by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 24, 2026, in Long Beach, California.

Laura Fera

CERTIFICATE OF SERVICE