ROB BONTA
Attorney General of California
R. MATTHEW WISE
CHARLES J. SAROSY
Supervising Deputy Attorneys General
KEVIN L. QUADE
Deputy Attorney General
State Bar No. 285197
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone:  (916) 210-7693
 Fax:  (916) 324-8835
 E-mail:  Kevin.Quade@doj.ca.gov
*Attorneys for Proposed Intervenor*
*Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **ROBERT M. BLANK, an individual; ANTONIO RAMOS RODRIGUEZ, an individual; KYLE HOANG TRUONG, an individual; CHARLES KOON CHIU YOUNG, an individual; JONATHAN YOUNG, an individual; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; and THE SECOND AMENDMENT FOUNDATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**SANTA CLARA COUNTY; SANTA CLARA COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT JONSEN, in his official capacity; and DOES 1-10,**<br><br>Defendants. | 5:25-cv-08027-EDJ<br><br>**PROPOSED INTERVENOR CALIFORNIA ATTORNEY GENERAL'S REPLY IN SUPPORT OF MOTION TO INTERVENE**<br><br>Date:          September 17, 2026<br>Time:          9:00 a.m.<br>Courtroom:   4<br>Judge:         The Hon. Edward J. Davila<br>Trial Date:   n/a<br>Action Filed:  September 22, 2025 |

1

Proposed Intervenor California Attorney General's Reply in Support of Motion to Intervene (5:25-cv-08027-EDJ)

**INTRODUCTION**

Intervention as a matter of right by the Attorney General in this case should be straightforward and non-controversial.  Indeed, Plaintiffs have no objection to the Attorney General's participation.  But, despite their claims to the contrary, they want it conditionally.  They demand that the Attorney General's intervention be deemed permissive, which potentially effectuates a waiver of the State's sovereign immunity, and raises the prospect of monetary damages at the end of this case.  But no such waiver is necessary.  Again, intervention as a matter of right is clearly warranted.  Though Plaintiffs have sued local authorities, they seek injunctive relief barring the County Defendants "from charging applicants *any additional local fee* for their [carry concealed weapons] CCW Permit applications or renewal applications," or "requiring psychological examinations of all CCW applications or from passing the cost of *any such examination* onto applicants."  *See* ECF 11 at 30 (First Amended Complaint, Prayer at ¶¶ 8–9) (emphasis added).  This conflicts with California law, which specifically affords licensing authorities discretion to charge such additional local fees, as well as to require psychological examinations for first-time applicants and pass associated costs onto the applicant.  *See* Cal. Pen. Code § 26190(b)(1) & (e)(1).  Plaintiffs' challenges and requests for relief thus clearly call into question the constitutionality of these provisions of California law, thereby triggering the Attorney General's ability to intervene as a matter of right under Federal Rule of Civil Procedure 24(a).

**ARGUMENT**

I. **PLAINTIFFS' PRAYER FOR RELIEF DEMONSTRATES A FACIAL CHALLENGE TO STATE LAW THAT WARRANTS INTERVENTION**

In their opposition, Plaintiffs insist that they are simply challenging "*local discretionary policy choices*," none of which concern the type of facial challenge that would implicate the Attorney General's obligation to defend state law.  ECF 49 at 4.  But this ignores that the source of local discretion, which the County Defendants exercised in making the challenged policy choices, is state law.  Though the Attorney General does not intend to take a position on whether the County Defendants have adequately justified their discretionary policy choices, Plaintiffs'

clear intent to prohibit, as a matter of constitutional law, County Defendants—and "all other officers, agents, servants, employees, and persons under the authority of the State," ECF 11, Prayer at ¶¶ 8–9—from making discretionary choices authorized by California law, constitutes a facial challenge.

Take, for example, Plaintiffs' challenge to the County's policy of requiring all first-time applicants to undergo psychological testing, where they argue "state law itself *does not* mandate such testing." ECF 49 at 4. This is certainly true, but as even Plaintiffs acknowledge, the pertinent statute contemplates that local officials have discretion to require a psychological assessment for new license applicants. *See id.*; *see also* ECF 11 at ¶ 102. California Penal Code section 26190(e)(1) states, "If a psychological assessment on the initial application is required by the licensing authority, the license applicant shall be referred to a licensed psychologist acceptable to the licensing authority." And Penal Code section 26202(a)(1) permits licensing authorities to use the psychological assessment as part of the investigation into whether the applicant is "reasonably likely to be a danger to self, others, or the community at large," and thus a disqualified person who cannot receive a license.

Despite this clear statutory language authorizing licensing authorities to require testing, Plaintiffs claim that the County Defendants exercise of discretion under this statute is unconstitutional because the County's requirement is not limited to first-time applicants whose backgrounds demonstrate "good cause" or "an individualized finding of . . . need" for testing. *See* ECF 11 at ¶¶ 12, 102–103, 118, 131. Yet the California statute authorizing licensing authorities to require a psychological assessment for new license applicants contains no such "good cause" limitation. This is made particularly clear by the fact that Penal Code section 26190(e) imposes a "compelling evidence of public safety concern" threshold when licensing authorities seek to require a psychological assessment for *renewal* license applicants, demonstrating that if the Legislature sought to impose Plaintiffs' "good cause" limitation, it could have done so. *See* Cal. Pen. Code § 26190(e)(2). Plaintiffs' claim thus clearly cuts against what state law permits, triggering the Attorney General's right to intervene for the limited purpose of defending the broader constitutionality of this statute.

The same goes for Plaintiffs' challenge to the County Defendants' imposition of processing fees. The Attorney General does not intend to defend the specific amount charged by the County Defendants, the constitutionality of which will turn on evidence of the County's actual costs in processing of license applications and overseeing licensees. But Plaintiffs' constitutional challenge goes beyond an assessment of the County's specific costs. Though they claim in their opposition that the fees charged in certain other counties are not "abusive" or "exorbitant," *see* ECF 49 at 4, the operative complaint seeks to prohibit the County Defendants from charging processing fees altogether. They allege that the Second Amendment requires County Defendants to "process applications without charging *any fees*, aside from the state-mandated fee of $93" and the costs applicants must pay for a training course and Live Scan. ECF 11 at ¶ 52 (emphasis added); *accord id.* Prayer at ¶ 8. This too squarely conflicts with California law, which authorizes licensing authorities to "charge an additional fee in an amount equal to the reasonable costs for processing the application for a new license or a license renewal, issuing the license, and enforcing the license." Cal. Pen. Code § 26190(b)(1).

## II. MANDATORY INTERVENTION IS APPROPRIATE HERE

These unequivocal conflicts between Plaintiffs' constitutional challenges and the implicated provisions of California law afford the Attorney General a right to intervene under both Rule 24(a)(1) & (2). *See* ECF 47-1 at 4–7. Plaintiffs disagree, arguing first that Rule 5.1 and its local rule counterpart (Rule 3-8) cannot be used to "boot-strap" a theory of mandatory intervention based on federal statute under Rule 24(a). ECF 49 at 5. However, as previously explained, these rules effectuate 28 U.S.C. § 2403(b), which requires that federal courts permit a state attorney general to intervene for "presentation of evidence" and "argument" in cases where "the constitutionality of any statute of that State affecting the public interest is drawn into question." Indeed, the Supreme Court recently held that application of Section 2403(b) triggers a mandatory right to intervene under Rule 24(a)(1). *See Cameron v. EMW Women's Surgical Ctr.*, 595 U.S. 267, 278 (2022). Plaintiffs' specific challenges and requests for relief, which contravene the discretion that state law explicitly permits, draw the constitutionality of those provisions into question pursuant to Section 2403(b). The Court need go no further.

4

Proposed Intervenor California Attorney General's Reply in Support of Motion to Intervene (5:25-cv-08027-EDJ)

In any event, Plaintiffs' arguments as to Rule 24(a)(2) fare no better. As previously explained, the Ninth Circuit employs a four-part testing, considering whether: (1) the motion is timely; (2) the applicant has a significant protectable interest related to the dispute; (3) the disposition of the case will impair or impede that protected interest; and (4) the applicant's interest is inadequately represented by existing parties. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). Plaintiffs concede both the timeliness and protectable interest prongs, but maintain that disposition of this case will not impair the Attorney General's specific interests. *See* ECF 49 at 6. They point to State's limited role in the CCW licensing process, particularly referencing the California Department of Justice's conducting of background checks and the Attorney General's promulgation of a standardized license application form. *Id.*

But this quintessentially misses the forest for the trees. Mandatory intervention is warranted here, not because the Attorney General plays discrete roles in California's licensing framework, but rather, because Plaintiffs' constitutional challenges place parts of that framework in jeopardy, triggering the Attorney General's broader obligation to defend it. Both the Supreme Court and Ninth Circuit have recognized that possible invalidation of a law risks impairment of a protectable interest which supports mandatory intervention of an attorney general charged with administration and enforcement of the challenged law. *See EMW Women's Surgical Ctr.*, 595 U.S. at 278–279 & n.5; *Smith v. Pangilinan*, 651 F.2d 1320, 1323–24 (9th Cir. 1981). And, contrary to Plaintiffs' argument, the fact that the Attorney General is charged with "uniformly" enforcing state law does not alter this analysis. *See* ECF 49 at 6–7 (citing Cal. Const. art. V, § 13). Here, as explained, the laws drawn into question by Plaintiffs afford discretion to local officials, both in determining an appropriate processing fee in accordance with actual costs and whether to require first-time applicants to submit to and pay for psychological testing. In seeking to defend the constitutionality of these laws, the Attorney General seeks to ensure that each California local law enforcement agency that issues CCW licenses is uniformly able to make such discretionary choices under state law.

As for adequacy of representation, the Attorney General is indisputably best positioned to make a limited constitutional defense against the facial-challenge aspects of Plaintiffs' complaint.

Counsel for the County Defendants, though undoubtedly talented and experienced litigators, face different considerations when defending their clients against Plaintiffs' as-applied challenge to the County's justifications for its specific exercises of discretion.  The Attorney General's contemplated role, by contrast, would be far more limited and consistent with his routine defense of the constitutionality of California's firearm statutes.  This clear distinction in litigation positions and potential strategy demonstrates the appropriateness of mandatory intervention by the Attorney General to properly vindicate the State's discrete interests.  *See United States v. Idaho*, 342 F.R.D. 144, 148–151 (D. Idaho 2022) (denying intervention as a matter of right to state legislature because it "failed to show that it brings a distinct state interest to bear on this litigation" where the state attorney general was a party to the case, had the same interest, and could adequately defend the challenged state law).  Moreover, none of Plaintiffs' suggested "other avenues" to safeguard the State's interest—all of which, Plaintiffs admit, involve the Attorney General taking action in support of Plaintiffs and casting judgment on the lawfulness of the County's specific exercises of discretion, *see* ECF 49 at 8—ensure that the statutory provisions implicated in Plaintiffs' arguments are adequately defended.

Accordingly, under either subdivision (a)(1) or subdivision (a)(2) of Rule 24, the Attorney General has a right to intervene in this case.  Plaintiffs consent to permissive intervention under Rule 24(b) does not impact this legal analysis.  Intervention should be granted under Rule 24(a) because the Attorney General has established that mandatory intervention is warranted.  Indeed, as referenced in the motion, there are potentially significant differences between mandatory and permissive intervention.  *See* ECF 47-1 at 3 n.1.  Intervention under Rule 24(a) to defend the constitutionality of a state law pursuant to Section 2403(b) does not constitute a waiver of sovereign immunity or subject the State to liability for monetary damages.  *See Arizonans for Off. English v. Arizona*, 520 U.S. 43, 70 n.25 (1997); *Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001).  Permissive intervention, on the other hand, where the State seeks to voluntarily become a party to the case, has typically been held to waive the State's constitutional immunity.  *See Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 284 (1906); *accord Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 619 (2002).  Moreover, because the operative

6

complaint here seeks compensatory damages and nominal damages, an implied waiver of sovereign immunity via permissive intervention at least raises the question of whether State also waives immunity from monetary damages. *See New Hampshire v. Ramsey*, 366 F.3d 1, 14–15, 19–21 (1st Cir. 2004) (explaining that a waiver of federal forum immunity might waive substantive liability immunity and considering, among other things, whether the State was on notice of potential liability). The Attorney General cannot be made to condition his ability to defend the constitutionality of California law, where a plaintiff's claims draw the facial constitutionality of that law into question, on a waiver of the State's constitutional immunity from monetary damages in federal court. In any event, the Attorney General explicitly reiterates and reserves the State's immunity in this respect under the Eleventh Amendment. *See* ECF 47-1 at 3 n.1; *see also Faulk v. Union Pacific R. Co.*, 449 F.App'x 357, 363 (5th Cir. 2011) (recognizing a state attorney general's express reservation of sovereign immunity when intervening to defend the constitutionality of a state law).

## CONCLUSION

The Court should grant this motion for the Attorney General to intervene under Rule 5.1, Rule 24(a), and 28 U.S.C. § 2403(b).

Dated: July 31, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
CHARLES J. SAROSY
Supervising Deputy Attorneys General

KEVIN L. QUADE
Deputy Attorney General
*Attorneys for Proposed Intervener*
*Attorney General Rob Bonta*

7

# CERTIFICATE OF SERVICE

Case Name:   **Blank v. Santa Clara County**           No.     **5:25-cv-08027-EDJ**

I hereby certify that on July 31, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PROPOSED INTERVENOR CALIFORNIA ATTORNEY GENERAL'S REPLY IN SUPPORT OF MOTION TO INTERVENE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 31, 2026, at Sacramento, California.


Kevin L. Quade                                           */s/ Kevin L. Quade*
Declarant                                                   Signature