TONY LOPRESTI, County Counsel (S.B. #289269)
ARYN PAIGE HARRIS, Deputy County Counsel (S.B. #208590)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
Email: aryn.harris@cco.sccgov.org

Attorneys for Defendants
COUNTY OF SANTA CLARA, and SHERIFF
ROBERT JONSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSÉ)

ROBERT M. BLANK, et al.,

Plaintiffs,

v.

SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, et al.,

Defendants.

No. 25CV08027 EJD

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' NOTICE OF RELATED CASE [DKT #56]**

Plaintiffs Robert M. Blank, Antonio Ramos Rodriquez, Kyle Hoang Truong, Charles Koon Chiu Young, Jonathan Young, California Rifle & Pistol Association, Incorporated, and The Second Amendment Foundation filed a Notice of Related case, pursuant to Northern District Local Rule 3-12, seeking to relate the following case to this matter: *United States of America v. City of San José, California, et. al.*, Case No. 5:26-CV-10508-PCP ("*City of San José*"). Defendants County of Santa Clara and Sheriff Jonsen oppose the request pursuant to Local Rule 3-12(e).

Local Rule 3-12(a) permits a party to relate another action when:

(1) The actions concern substantially the same parties, property, transaction, or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

First, Plaintiffs must show that the two actions concern "substantially the same parties, property, transaction, or event." This showing is not made here. Specifically, the two cases do not involve ***any*** of the same parties:

> ***Blank***: The *Blank* matter is brought by five individual plaintiffs who live in Santa Clara County, *see* Proposed Second Amended Complaint ("PSAC"), Dkt. 53, ¶¶ 19-31, as well as two associational plaintiffs: California Rifle & Pistol Association, Incorporated, and The Second Amendment Foundation, *id*. ¶¶ 39, 42-43. The Defendants are the County of Santa Clara, Sheriff Robert Jonsen, and the State of California. *Id*. ¶¶ 44-47.
>
> ***U.S. v. City of San José***: The *City of San José* case involves only the United States of America and the City of San José. *City of San José*, Dkt. 14, ¶¶ 8-9.

The cases also do not involve substantially the same "property, transaction, or event." Both cases allege that the Defendants' CCW permitting process violates the Second Amendment. The similarities end there.

The *City of San José* matter is brought by the United States seeking only equitable relief under the Violent Crime Control and Law Enforcement Act of 1994 pursuant to 34 U.S.C. §1260(b) by alleging that the City has an abusive CCW licensing fee scheme,[1] *City of San José*, Dkt. 14, ¶¶ 18-23; an abusive psychological testing requirement, *id*. ¶¶ 24-25; and an abusive non-statutory[2] insurance requirement, *id*. ¶¶ 22, 26-27. The United States alleges that the San José Police Department's application of the CCW licensing processes constitutes "a pattern or practice of conduct by law enforcement officers that deprives persons of rights held under the Constitution, violating section 12601(a)." *Id*. ¶ 36. Further, 34 U.S.C. § 12601(b) provides the United States unique statutory powers to obtain appropriate equitable and declaratory relief as follows:

> Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1)[3] has occurred, the Attorney General, for or in the name of the

---

[1] The Complaint notes that the City charges $1,591 dollars and contrasts that figure to its neighbors, including the County of Santa Clara, which the Complaint touts as more reasonable, "although still high": $488 up front and $488 at issuance. *City of San José*, Dkt. 14, ¶ 5.

[2] Although the Complaint alleges that the City's municipal code for the CCW process is "largely deferential to state law regulation of public carry," it notes that the City imposes "additional financial strings" to the right to bear arms by imposing insurance requirements. *City of San José*, Dkt. 14, ¶ 22.

[3] [sic] This should say "paragraph (a)." *City of San José*, Dkt. 14, ¶ 39.

United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

In contrast, Plaintiffs in the *Blank* case bring their action pursuant to 42 U.S.C. § 1983 alleging violations of the First, Second, and Fourteenth Amendments. PSAC, Dkt. 53 ¶ 49. The Court recently granted Plaintiffs' unopposed request to file a Second Amendment Complaint. Order, Dkt. 59. In *Blank*, Plaintiffs also challenged the County's fees but, unlike the fees alleged in *City of San José*, the County maintains its fees are purely for cost recovery authorized under Senate Bill 2 ("SB2"), which has led to the intervention of the State of California to defend against the facial challenges to the Constitutionality of California law. *Blank*, PSAC, Dkt. 53, ¶¶ 76-81, 97-101, 144-148; *see also* Dkt. 58 (Court's Order Granting Motion to Intervene) at 3:8-12. Like the *City of San José* case, the *Blank* Plaintiffs allege that the County's election to require psychological testing authorized by SB 2, and the State's ratification of the practice, violates the Second Amendment. *Blank*, PSAC, Dkt. 53, ¶¶ 128-131, 144-148. But unlike *City of San José*, the *Blank* Plaintiffs make numerous additional and distinct allegations and claims:

- Allegations that the CCW statutory scheme provides for the review of publicly available information about the applicant, including publicly available statements about the applicant and, due to the alleged lack of objective criteria for reviewing this information, the State and County are violating the First Amendment, *id.* ¶¶ 83, 95-96, and further, that the State is ratifying the County's conduct, *id.* ¶¶ 140-141.

- Allegations that "California Penal Code section 26175 sets forth the statutory basis for the State's Attorney General to create a uniform statewide application to obtain a CCW license. The current state-wide uniform application created by the Attorney General has deficiencies that either violate the U.S. Constitution or exceed the statutory authority under § 26175." *Id.* ¶ 85.

- Allegations that the County's posting of "campaign disclosure requirements" pursuant to the Levine Act for CCW applicants violates the First Amendment. *Id.* ¶¶ 86-94.

- Allegations that the State is ratifying the County's alleged First Amendment violations related to the Levine Act. *Id.* ¶¶ 138-139

- Allegations that the psychological testing requirements violate the Fourteenth Amendment due process clause. *Id.* ¶¶ 132-133.

- Allegations that the County's alleged practice of exempting judicial officers from psychological testing violates the Equal Protection Clause of the Fourteenth Amendment. *Id.* ¶¶ 16.

- Allegations that the State of California is ratifying the County's unconstitutional practices. *Id.* ¶¶ 17, 134-137.

- Allegations that California Penal Code section 26202(b)(a)(3) violates the First Amendment on its face. *Id.* ¶¶ 142-143.
- Allegations that the State's Uniform CCW Application Form either violates the Constitution or exceeds the State's statutory power. *Id.* ¶¶ 151-152.
- An extensive Prayer for Relief that seeks expensive declaratory and injunctive relief. *Id.* Prayer, ¶¶ 153-161.
- Compensatory damages for Plaintiffs. *Id.* Prayer, pg. 43 ¶¶ 16-17.

Local Rule 3-12 does not provide a definition of "substantially similar" property, transaction, or event and Defendants are unable to find any case law interpreting this language. However, in the context of joinder and related-case analysis, courts have evaluated the "same transaction or occurrence" requirement for joinder and held that it requires factual similarity in the allegations supporting the plaintiff's claims, that there must be a logical relationship between events, and that joinder is not appropriate where different products or processes are involved. *See e.g.*, *Corley v. Google, Inc.*, 316 F.R.D. 277, 283 (N.D. Cal. 2016). The *Blank* case and the *City of San José* case do not have a meaningful factual nexus of any kind and merely have ***some*** overlapping legal theories, which is true of cases challenging concealed carry weapons nationwide.

As to the second element, the Court must also evaluate if "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Plaintiffs failed to address this step in the Notice of Related cases and, given the only commonality is a similar legal theory, Defendants see no reason why the unduly burdensome prong is triggered here anymore so than the numerous cases the Courts hears where different parties, under difference circumstances, allege similar legal theories.

Dated: October 5, 2026

Respectfully submitted,

TONY LOPRESTI
County Counsel

By: */s/ Aryn Paige Harris*
ARYN PAIGE HARRIS
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, and SHERIFF ROBERT JONSEN

3703100